IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION – CLEVELAND

| | |
|---|---|
| STEEL WAREHOUSE CLEVELAND, LLC, ) <br> d.b.a. Chesterfield Steel ) <br> 1220 East 222nd Street ) <br> Euclid, OH 44117 ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> CROSMAN CORPORATION ) <br> 7629 Routes 5 and 20 ) <br> Bloomfield, NY 14469 ) <br> ) <br> Defendant ) <br> ) | CASE NO. <br><br> JUDGE <br><br><br><br><br><br> **COMPLAINT** <br><br> (Jury Demand Endorsed Hereon) |

Now comes Plaintiff, Steel Warehouse Cleveland, LLC, doing business as Chesterfield Steel, by and through counsel, and for its complaint against the Defendant, states as follows:

**PARTIES**

1. Plaintiff Steel Warehouse Cleveland, LLC (hereinafter referred to as "Chesterfield") is an Ohio limited liability company doing business as Chesterfield Steel with it principle location at 1220 East 222nd Street, Euclid, Cuyahoga County, Ohio 44117.

2. Defendant Crosman Corporation (hereinafter "Crosman"), upon information and belief, is a Delaware corporation with its principle place of business located in Bloomfield, New York who conducts business in Cuyahoga County, Ohio, with, but not limited to Chesterfield Steel.

1

## JURISDICTION AND VENUE

3. Jurisdiction and venue are proper in this Court as the acts that give rise to Plaintiff's claims for relief occurred in Cuyahoga County, Ohio.

## FACTUAL BACKGROUND

4. Upon information and belief, Velocity is a representative and/or agent of Crosman and transacts business on behalf of Crosman.

5. Upon information and belief, Velocity is the parent corporation of Crosman.

6. Upon information and belief, Velocity and Crosman are located within the same premises at 7629 Routes 5 and 20, Bloomfield, NY 14469.

7. Upon information and belief, employees of Velocity transacts business on behalf of Crosman and are authorized representatives of Crossman.

8. During the course of a 35 year plus history, Chesterfield has been corresponding and working with Velocity and Crosman interchangeably as if a singular entity.

9. Chesterfield and Crosman have a 35 year plus history of Chesterfield supplying specialized slit steel to Crosman based upon forecasts provided to Chesterfield from Crosman.

10. In 2019, Chesterfield supplied Crosman with specialized and cut steel an in the amount of 2,803,955 pounds, approximately six loads per month.

11. In 2020, Chesterfield supplied Crosman with specialized and cut steel in the amount of 3,616,437 pounds, more than eight load per month.

12. In 2021, Chesterfield supplied Crosman with specialized and cut steel to in the amount of 3,190,450 pounds, approximately seven loads per month.

13. Chesterfield required estimates of load quantities from Velocity and/or Crosman two quarters in advance of the order deliveries in order to fulfill Crosman's orders.

14. In August, 2021, Chesterfield made inquiries to Crosman as to its forecasted order quantities in order to fulfill Velocity and/or Crosman's orders in early 2022.

15. Crosman informed to Chesterfield that it expected to order its customary eight (8) loads per month in 2022, consistent with 2019 to 2021 quantities.

16. The steel that Chesterfield provides to Crosman to fulfill those orders is specially manufactured and cut for Crosman.

17. The steel that Chesterfield provides to Crosman to fulfill orders is not suitable for sale to others in Chesterfield's ordinary course of business.

18. Crosman stopped placing orders with Chesterfield in June, 2022.

19. In June, 2022, Chesterfield had on inventory 1,830,366 pounds of specialized and cut steel for Crosman to fulfill forecasted orders that Crosman provided to Chesterfield.

20. Crosman has refused to purchase the specialized steel that Chesterfield purchases and slits pursuant to Crosman specifications in reliance of Crosman's forecast to Chesterfield.

## **COUNT I**
(Breach of Contract)

21. Plaintiff incorporates herein by reference all the statements and allegations made and contained in the prior paragraphs of this Complaint, as if the same were fully rewritten herein in their entirety.

22. Chesterfield specially procured and cut steel for Crosman that is not suitable for sale to others in the ordinary course of Chesterfield's business upon Crosman's forecast of specialty and cut steel to be purchased by Crosman as the entities have been doing for over the past 30 years in the normal course of their relationship.

23. Chesterfield specially procured 1,830,366 pounds of steel specifically Crosman prior to Crosman indicating to Chesterfield that it would no longer purchase said steel from

Chesterfield.

24. Chesterfield performed all of its obligations under its agreement with Crosman consistent with Uniform Commercial Code §2-210(3).

25. Crosman refused to purchase the 1,830,366 pounds of steel procured and cut specifically for Crosman.

26. As a direct and proximate result of Velocity and/or Crosman's breach of the agreement, Plaintiff has been damaged in an amount to be more fully determined at trial.

### COUNT II
(Promissory Estoppel)

27. Plaintiff incorporates herein by reference all the statements and allegations made and contained in the prior paragraphs of this Complaint, as if the same were fully rewritten herein in their entirety.

28. Chesterfield specially procured and cut steel for Crosman that is not suitable for sale to others in the ordinary course of Chesterfield's business based upon Crosman's forecast and promise to purchase said steel by Crosman as the entities have been doing for over the past 30 years in the normal course of their relationship.

29. In reliance upon Crosman's promise, Chesterfield specially procured 1,830,366 pounds of steel specifically for Crosman.

30. Crosman refused to purchase the 1,830,366 pounds of steel procured and cut specifically for Crosman.

31. As a direct and proximate result of Chesterfield's reliance upon Crosman's promise, Plaintiff has been damaged in an amount to be more fully determined at trial.

WHEREFORE, Plaintiff Chesterfield Steel demands judgment against Defendant Crosman Corporation in the amount to be determined at trial, plus interest, liquidated damages, attorneys'

fees, costs and other further relief this Court deems just and proper.

## JURY DEMAND

A jury composed of the maximum number permitted by law is hereby demanded.

Respectfully submitted,

/s/ Todd D. Cipollo
Todd D. Cipollo (0069043)
RANALLO & AVENI, LLC
6685 Beta Drive
Cleveland, Ohio 44143
Tel: (440) 684-1600
Fax: (440) 684-1601
tcipollo@ranallolaw.com

*Attorney for Plaintiff*